IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

                                                                                 PRETRIAL MOTION

                                  Plaintiff,                              HEARING ORDER

    v.

                                                                                 07-CR-140-C

CALVIN WATSON,

                                Defendant.

_____

       On December 20, 2007, this court held the pretrial motion hearing. Defendant Calvin Watson was present with his attorney, Christopher Duren. The government was represented by Assistant United States Attorney Rita Rumbelow.

       Prior to the hearing, Watson filed a motion to suppress all evidence derived from the traffic stop. At a recorded telephonic hearing, we reached a consensus that it was not necessary to take evidence on this motion. Accordingly, briefing shall proceed as follows: Watson's first brief must be filed and served not later than January 2, 2008. The government must file and serve its response not later than January 11, 2008, with Watson's reply due not later than January 16, 2008. Same day service is required. The parties had no other matters to bring to the court's attention.

       Entered this 20th day of December, 2007.

                                                      BY THE COURT:

                                                    /s/

                                                   STEPHEN L. CROCKER
                                                   Magistrate Judge

ORDER GOVERNING FINAL PRETRIAL CONFERENCE

**Generally**

A defendant may waive his or her presence at the final pretrial conference. A waiver must be in writing, signed by the defendant and submitted to the court not later than the beginning of the conference.

It is not necessary that the attorney actually trying the case attend the final pretrial conference, but trial counsel are bound by representations and decisions made at the conference in their absence.

An attorney located more than 30 miles from the federal courthouse may seek permission to appear telephonically for the final pretrial conference. Such permission must be sought and obtained at least one work day before the conference.

Same day service is required for all final pretrial conference submissions.

Failure timely to file and serve documents or raise issues addressed in this order may constitute waiver at the court's discretion.

All trial counsel and all defendants must appear personally at any final hearing held by a district judge.

**Voir Dire Questions and Jury Instructions**

At the final pretrial conference the court shall finalize the voir dire questions and create a set of legally accurate jury instructions that contains every instruction the court might need at trial (with the possible exception of a theory of defense instruction). Toward this end, the court will circulate voir dire questions and a packet of jury instructions prior

to the parties' submission deadline for the final pretrial conference. These are the drafts from which we will work at the final pretrial conference.

Pursuant to F.R. Crim. Pro. 30 and not later than the submission deadline, the parties must submit any proposed additions, deletions, or edits to the court's drafts. Each proposed edit to or deletion of a court draft voir dire question must be set forth in a separate paragraph and must cite by number to the question at issue. Each proposed new question must be set forth in a separate paragraph and numbered for ease of reference.

Each proposed edit or deletion of a court draft jury instruction must be set forth in a separate paragraph and must cite by page number to the court's draft. Each proposed new jury instruction must be set forth in a separately numbered paragraph. When applicable, a party must provide adequate citation to any legal authority for any proposed edit, deletion or addition of a jury instruction.

Although a defendant is not required to reveal a theory of defense instruction prior to the close of the government's case in chief, it is helpful and efficient to discuss such instructions at the final pretrial conference whenever possible. Therefore, the court encourages defendants to provide draft theory of defense instructions for consideration on the record at the final pretrial conference. If a defendant is not willing to do this, then the court asks that the defendant submit his or her theory of defense instruction to the court *ex parte* and *in camera* for review prior to trial.

**Motions *in Limine* and Notice of Intent To Offer Evidence**

Although the trial judges make the final decisions on motions *in limine* and other evidentiary issues, all such issues must be raised at the final pretrial conference for preliminary review and discussion.

The parties must file and serve any and all motions *in limine* not later than the submission deadline for the final pretrial conference. A party may submit all of its motions *in limine* in one document, but each issue must be raised in a separately numbered paragraph. When necessary, a party must provide adequate citation to any legal authority supporting a motion *in limine*.

Not later than the submission deadline for the final pretrial conference the government must file any notice of intent to offer the following types of evidence at trial: 1) Prior felony convictions offered for any purpose; 2) Any F.R. Ev. 404(b) evidence; 3) Any statement by a defendant offered under F.R. Ev. 801(d)(2)(C)-(E); and 4) Any other evidence of which the government is aware and which it intends to offer pursuant to F.R. Ev. 804 - 807. Notice must be provided in a captioned document to be docketed in the court file.

Although a defendant is not required to reveal defense evidence of this sort, it is helpful and efficient to discuss such evidence at the final pretrial conference whenever possible. Therefore, the court encourages defendants to provide such notice for consideration at the final pretrial conference. If a defendant is not willing to do this, then the court asks that the defendant submit such notice to the court *ex parte* and *in camera* for review prior to trial.

**Audiovisual Evidence**

Not later than fourteen days before the final pretrial conference the government shall serve on all defendants written notice of its intent to introduce at trial audio or visual recordings. This notice shall identify with particularity those portions of the recordings that the government intends to introduce. The government simultaneously shall provide transcripts of the recordings in final or almost-final form.

Not later than seven days prior to the final pretrial conference a defendant must notify the government whether he or she objects to the admissibility of the recording(s) or any portion thereof, whether he or she disputes any part of the government's transcription, and provide sufficiently particular bases for any such objections or disputes. If the parties cannot promptly resolve their differences, then not later than the submission deadline for the final pretrial conference the defendant must file and serve a motion *in limine* objecting to recordings and transcripts.

**Submission of Witness and Evidence Lists**

Not later than the Thursday before trial each party shall submit *ex parte* and under seal its list of expected trial witnesses. Not later than the morning of trial, prior to jury selection, each party shall submit a final list of exhibits and a copy of each exhibit marked

5

with sequentially numbered stickers.  Exhibit list forms and stickers are available from the clerk of court.

If more than one defendant will be offering exhibits, then the exhibit stickers must identify the offering defendant by name or initials.  In preparing exhibit lists, counsel must provide the exhibit number, the witness through whom the exhibit will be offered, and a brief description of the exhibit.

Each party shall maintain custody of its own exhibits throughout the trial and after the trial.  Any exhibit referred to during trial becomes part of the record even if not offered or accepted into evidence.  Following trial, counsel for each party promptly shall contact the clerk of this court to arrange for the exhibits to be included in the appellate record.

### Witness Subpoenas and Writs for Indigent Defendants

If an indigent defendant intends to subpoena trial witnesses at government expense, then not later than 18 days before trial he or she must file a motion under F.R.Crim. Pro. 17(b) naming each witness, providing a street address for service, and proffering why each requested witness is necessary for an adequate defense.  The defendant must attach to the motion a completed  subpoena form for each  witness.  Blank subpoena forms are available on the court's web site or from the clerk of court.

If the requested witness is incarcerated, then defendant's Rule 17(b) request and subpoena form must be filed not later than 25 days before trial along with a motion for a writ of habeas corpus ad testificandum and a completed draft writ for the magistrate judge to sign.

6

If a defendant misses the deadline for filing a Rule 17(b) request or petition for a writ, then the court still will consider the request and issue subpoenas and writs if appropriate, but service of the subpoenas by the marshals service cannot be assured. Indigent defendants who have received authorization to use an investigator may have that investigator serve trial subpoenas instead of the marshals service.

Witness payment forms are available through the marshals service. Incarcerated witnesses are not eligible for witness fees.

### Last Minute Settlements and Emergencies

The attorneys in this case immediately shall notify the clerk of court if this case settles or if some other event occurs that jeopardizes the trial date. On the weekend before trial, the parties may reach Clerk of Court Theresa M. Owens at 608-261-5723. Failure promptly to notify the clerk without good cause may result in jury costs being assessed against counsel.

### Unsealing Confidential Documents

In most cases it is substantively unnecessary and administratively burdensome for the court to maintain the confidentiality of sealed documents following the conclusion of a criminal case. Therefore, the clerk of court shall unseal all sealed documents in this case, including transcripts of *ex parte* hearings, following entry of judgment by the district court.

A document may remain under seal after judgment only if a party makes an adequately supported written request that it remain sealed. Such requests must be filed prior

to the entry of judgment. The burden is on the party seeking continued confidentiality to make a timely request that persuades the court.